IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Asif Mustafa,<br>And All Others Similarly Situated<br>　　　　Plaintiffs,<br><br>v.<br><br>Lagniappe Investments, LLC d/b/a Jacks<br>Grocery No. 22; M&K Pantry, LLC;<br>Stafford Chevron, Inc.; Jack's Grocery, Inc.<br>d/b/a Jack's Grocery #2; Darbar Enterprise,<br>Inc. d/b/a Jack's Grocery #7; Jack and Sam,<br>Inc. d/b/a Jack's #8; Zeshan, Inc.; IAS, Inc.;<br>MVG, LLC; Sain, LLC; I-Tex Grocery, Inc.;<br>Jack & Jeff, Inc.; Sahar, Inc; GJI GP, LLC;<br>GP I-35 Properties, LLC; 786 Time Out<br>Grocery, Inc.; Ike's Grocery, Inc.; Viva<br>Grocery, Inc.; SHI Enterprises, Inc; Sir<br>Business, Inc.; Iqbal Hassanaly Abdullah;<br>Abdul-Malik Aziz Kheraj; Karim Tejani;<br>and Sharif Momin,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 4:10-CV-01777<br><br><br>JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, ASIF MUSTAFA, SHERNAZ CONWAY, AND BIJENDRA SINGH, and all others similarly situated, and complain of Defendants 1) Lagniappe Investments, LLC d/b/a Jacks Grocery No. 22; 2) Stafford Chevron, Inc.; 3) Jack's Grocery, Inc. d/b/a Jack's Grocery #2; 4) Zeshan, Inc.; 5) I-Tex Grocery, Inc.; 6) Jack & Jeff, Inc.; 7) 786 Time Out Grocery, Inc.; 8) Ike's Grocery, Inc.; 9) Viva Grocery, Inc.; 10) SHI Enterprises, Inc; 11) Sir Business, Inc.; 12) Iqbal Hassanaly Abdullah; and 13) Sharif Momin (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

1

## I.
## INTRODUCTION

1.      This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for each named Plaintiff, and for all others similarly situated, in the course of their employment with the Defendants.

3.      Asif Mustafa, Shernaz Conway, and Bijendra Singh (hereinafter collectively referred to as "Named Plaintiffs"), and all others similarly situated, demand a jury trial on all issues that may be tried to a jury.

4.      This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and state common law.

## II.
## JURISDICTION AND VENUE

5.      Named Plaintiffs, on behalf of themselves and the Plaintiff class, bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.      This Court has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7.      This Court has supplemental jurisdiction over Texas state law. The state law claims alleged herein are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

### III.
### PARTIES

9. Plaintiff, **ASIF MUSTAFA**, is a resident of Harris County, Texas.

10. Plaintiff, **SHERNAZ CONWAY**, is a resident of Harris County, Texas.

11. Plaintiff, **BIJENDRA SINGH**, is a resident of Harris County, Texas.

12. **Members of the "PLAINTIFF CLASS"** are current and former non-exempt hourly and salaried employees of Defendants who work, or have worked, at one or more of Defendants' branded and non-branded gas stations and convenience stores.

13. Defendant **Lagniappe Investments, LLC d/b/a Jacks Grocery No. 22** is a validly existing Texas limited liability company that may be served with summons and complaint by serving its registered agent, Abdul-Malik Aziz Kheraj, at 27 Waterford Pointe Circle, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

14. Defendant **Stafford Chevron, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

15. Defendant **Jack's Grocery, Inc. d/b/a Jack's Grocery #2.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

16. Defendant **Zeshan, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

17. Defendant **I-Tex Grocery, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

18. Defendant **Jack & Jeff, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

19. Defendant **786 Time Out Grocery, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

20. Defendant **Ike's Grocery, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its officer, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

21. Defendant **Viva Grocery, Inc.** is a validly existing Texas corporation that may be

served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

22.    Defendant **SHI Enterprises, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

23.    Defendant **Sir Business, Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Iqbal Hassanaly Abdullah, at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. This Defendant has made an appearance through counsel by filing its original answer.

24.    Defendant **Iqbal Hassanaly Abdullah** is an individual who may be served with summons and complaint at his residence located at 3402 Acorn Wood Way, Houston, Texas 77059, or at any other address where he may be found. Defendant Abdullah is an individual engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to the Named Plaintiffs and Members of the Class. This Defendant has made an appearance through counsel by filing his original answer.

25.    Defendant **Sharif Momin** is an individual who may be served with summons and complaint at his place of business known as Chevron / Jacks Grocery No. 22, located at 5027 I-10 East, Baytown, Texas 77521, or at any other address where he may be found. Defendant Momin is an individual engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to the Named Plaintiffs

and Members of the Class. This Defendant has made an appearance through counsel by filing its original answer.

26.     Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

27.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

28.     At all material times, Defendants have collectively been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

29.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30.     At all material times, Named Plaintiffs were an individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

31.     Defendants are a common enterprise and "joint employer" as defined by 29 U.S.C. § 203(r).

32.     Defendant Iqbal Hassanaly Abdullah is a principal shareholder / member / owner of each of the named legal entity Defendants.

33.     Defendant Iqbal Hassanaly Abdullah is one of the directors of some, or all, of the

6

named corporate entity Defendants.

34.    Defendant Iqbal Hassanaly Abdullah is one of the members of some, or all, of the named limited liability company Defendants.

35.    Defendant Iqbal Hassanaly Abdullah is one of the officers of some, or all, of the named corporate entity Defendants.

36.    Defendant Iqbal Hassanaly Abdullah is one of the managers of some, or all, of the named limited liability company Defendants.

37.    Defendant Iqbal Hassanaly Abdullah is involved in the day-to-day business operation of some or all of the named legal entity Defendants.

38.    Defendant Iqbal Hassanaly Abdullah is involved in setting company policies of some or all of the named legal entity Defendants.

39.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to hire and/or fire employees of those Defendants, including managers of those Defendants.

40.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to direct and supervise the work of employees of those Defendants, including managers of those Defendants.

41.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to sign on these legal entities' checking accounts, including payroll accounts.

42.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to make decisions regarding employee compensation, including the compensation of managers of such Defendants.

43.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to make decisions regarding marketing such Defendants' businesses.

44.    With respect to some or all of the named legal entity Defendants, Iqbal Hassanaly Abdullah has the authority to make decisions regarding capital expenditures.

45.    Defendant Abdul-Malik Aziz Kheraj is a principal shareholder / member / owner of each of the named legal entity Defendants.

46.    Defendant Abdul-Malik Aziz Kheraj is one of the directors of some, or all, of the named corporate entity Defendants.

47.    Defendant Abdul-Malik Aziz Kheraj is one of the members of some, or all, of the named limited liability company Defendants.

48.    Defendant Abdul-Malik Aziz Kheraj is one of the officers of some, or all, of the named corporate entity Defendants.

49.    Defendant Abdul-Malik Aziz Kheraj is one of the managers of some, or all, of the named limited liability company Defendants.

50.    Defendant Abdul-Malik Aziz Kheraj is involved in the day-to-day business operation of some or all of the named legal entity Defendants.

51.    Defendant Abdul-Malik Aziz Kheraj is involved in setting company policies of some or all of the named legal entity Defendants.

52.    With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to hire and/or fire employees of those Defendants, including managers of those Defendants.

53.    With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to direct and supervise the work of employees of those Defendants,

8

including managers of those Defendants.

54.     With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to sign on these legal entities' checking accounts, including payroll accounts.

55.     With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to make decisions regarding employee compensation, including the compensation of managers of such Defendants.

56.     With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to make decisions regarding marketing such Defendants' businesses.

57.     With respect to some or all of the named legal entity Defendants, Abdul-Malik Aziz Kheraj has the authority to make decisions regarding capital expenditures.

58.     Defendant Karim Tejani is a principal shareholder / member / owner of each of the named legal entity Defendants.

59.     Defendant Karim Tejani is one of the directors of some, or all, of the named corporate entity Defendants.

60.     Defendant Karim Tejani is one of the members of some, or all, of the named limited liability company Defendants.

61.     Defendant Karim Tejani is one of the officers of some, or all, of the named corporate entity Defendants.

62.     Defendant Karim Tejani is one of the managers of some, or all, of the named limited liability company Defendants.

63.     Defendant Karim Tejani is involved in the day-to-day business operation of some

or all of the named legal entity Defendants.

64.     Defendant Karim Tejani is involved in setting company policies of some or all of the named legal entity Defendants.

65.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to hire and/or fire employees of those Defendants, including managers of those Defendants.

66.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to direct and supervise the work of employees of those Defendants, including managers of those Defendants.

67.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to sign on these legal entities' checking accounts, including payroll accounts.

68.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to make decisions regarding employee compensation, including the compensation of managers of such Defendants.

69.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to make decisions regarding marketing such Defendants' businesses.

70.     With respect to some or all of the named legal entity Defendants, Karim Tejani has the authority to make decisions regarding capital expenditures.

71.     With respect to some or all of the named legal entity Defendants, Sharif Momin has the authority to hire and/or fire employees of those Defendants.

72.     With respect to some or all of the named legal entity Defendants, Sharif Momin has the authority to direct and supervise the work of employees of those Defendants.

73.     With respect to some or all of the named legal entity Defendants, Sharif Momin

has the authority to sign on these legal entities' checking accounts, including payroll accounts.

74.     With respect to some or all of the named legal entity Defendants, Sharif Momin has the authority to make decisions regarding employee compensation.

75.     Defendants are Named Plaintiffs' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV.
## CLASS ALLEGATIONS

76.     Named Plaintiffs file this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

77.     The class that Named Plaintiffs seek to represent may be described as follows:

> **All current and former employees of each of the above named Defendants who worked as a 'cashier', 'clerk', 'store clerk', and/or 'counter clerk' who 1) worked at any business located in Texas that was owned, operated and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) misclassified as exempt from overtime compensation or (b) not misclassified but did not receive all of his or her overtime pay, and seeks payment for such overtime pay.**

78.     Named Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by 78.   Named Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

79.     Those persons who choose to opt in, referred to as the "Plaintiff class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

80.     Named Plaintiffs contend that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members

of the Plaintiff class.

# V.
# FACTS

81.    At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

82.    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

*Plaintiff Asif Mustafa's Employment Background*:

83.    Defendants employed Plaintiff ASIF MUSTAFA from January 1, 2008 until April 28, 2010, at their franchised Chevron branded gasoline station and convenience store doing business as 'Jacks Grocery No 22'.

84.    During his employment, Plaintiff Mustafa worked for Defendants as a cashier, clerk, store clerk, and counter clerk (collectively, "clerk"), and was paid a wage of $10.00 per hour.

85.    As a clerk, Plaintiff Mustafa has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

86.    In particular, Plaintiff Mustafa cleaned, swept and mopped the premises, stocked inventory, and rang up sales for Defendants' convenience store and gas station business.

87.    During Plaintiff's employment, while working for the Defendants as clerk, Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-day workweek.

88.    Further, during these hours worked, Plaintiff Mustafa has performed the function

Case 4:10-cv-01777   Document 14-1    Filed in TXSD on 09/09/10   Page 13 of 21

of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management demanded it.

89.    Plaintiff Mustafa averaged well over 40 hours per week during his employment with the Defendants.

90.    In fact, Plaintiff Mustafa regularly worked 85 or more hours per week.

91.    Plaintiff Mustafa was not allowed to take any lunch or other breaks, and was expected to eat while he continued to be on his shift.

*Plaintiff Shernaz Conway's Employment Background:*

92.    Defendants employed Plaintiff SHERNAZ CONWAY from September 1, 2008 until February 19, 2010, at their franchised Chevron branded gasoline station and convenience store located at Garth Road in Houston, Texas, and doing business as 'Garth Road Chevron'.

93.    During her employment, Plaintiff Conway worked for Defendants as a clerk, and was paid a wage of $10.00 per hour.

94.    As a clerk, Plaintiff Conway has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

95.    In particular, Plaintiff Conway cleaned, swept and mopped the premises, stocked inventory, and rang up sales for Defendants' convenience store and gas station business.

96.    During Plaintiff's employment, while working for the Defendants as clerk, Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-day workweek.

97.    Further, during these hours worked, Plaintiff Conway has performed the function of her job, which included the performance of duties typically performed by "hourly" paid non-

exempt employees because the job required it and the Defendants' management demanded it.

98.     Plaintiff Conway averaged well over 40 hours per week during his employment with the Defendants.

99.     In fact, Plaintiff Conway regularly worked 101.5 or more hours per week.

100.    Plaintiff Conway was not allowed to take any lunch or other breaks, and was expected to eat while he continued to be on his shift.

*Plaintiff Bijendra Singh's Employment Background:*

101.    Defendants employed Plaintiff BIJENDRA SINGH from February 2, 2008 until May 15, 2010.

102.    During his employment with Defendants, Plaintiff Singh worked at two different locations for the Defendants.  During the first three months of his employment with the Defendants, Mr. Singh worked at Defendants' franchised Chevron branded gasoline station and convenience store located on Sutton Street in Houston, Texas. Thereafter, Plaintiff Singh worked for the Defendants at their franchised Chevron branded gasoline station and convenience store doing business as 'Jacks Grocery No 22'.

103.    During his employment, Plaintiff Singh worked for Defendants as a clerk, and was paid a wage of $10.00 per hour.

104.    As a clerk, Plaintiff Singh has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

105.    In particular, Plaintiff Singh cleaned, swept and mopped the premises, stocked inventory, and rang up sales for Defendants' convenience store and gas station business.

106.    During Plaintiff's employment, while working for the Defendants as clerk,

14

Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-day workweek.

107.    Further, during these hours worked, Plaintiff Singh has performed the function of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management demanded it.

108.    Plaintiff Singh averaged well over 40 hours per week during his employment with the Defendants.

109.    In fact, Plaintiff Singh regularly worked 77 or more hours per week.

110.    Plaintiff Singh was not allowed to take any lunch or other breaks, and was expected to eat while he continued to be on his shift.

111.    Similarly to the Named Plaintiffs, during at least the past three years, all of the clerks employed at all business locations owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

112.    Defendants required Named Plaintiffs and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Named Plaintiffs and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were not paid for.

### VI.
### <u>FIRST CLAIM FOR RELIEF</u>
**(Unpaid overtime compensation under the FLSA)**

113.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if

fully rewritten herein.

114. Named Plaintiffs and all others similarly situated are considered non-exempt employees.

115. Named Plaintiffs and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

116. During Named Plaintiffs' employment, each routinely worked more than 40 hours per week.

117. Although Defendants paid Named Plaintiffs at their straight-time rate of $10.00 per hour for each hour worked, Defendants did not pay Named Plaintiffs the overtime premium for those hours he worked in excess of 40 per week.

118. Defendants have also failed to pay, and continue not to pay, the overtime premium owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

119. As such, Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

120. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

121. Defendants failed to maintain a complete, accurate and contemporaneous record of the number of hours worked by each Named Plaintiff and by all other similarly situated employees.

122. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

123. No exemption excused the Defendants from paying Named Plaintiffs and all

16

others similarly situated, overtime pay for hours worked over forty per week.

124.    Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Named Plaintiffs and to all others similarly situated.

125.    Named Plaintiffs and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

126.    Named Plaintiffs and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## SECOND CLAIM FOR RELIEF
### (Plaintiff Asif Mustafa's individual claim for unpaid wages in violation of the Texas Labor Code, Chapter 61)

127.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

128.    Defendants have failed to compensate Plaintiff Mustafa for his straight-time and overtime wages for the hours he worked in excess of 40 during his last week of employment.

129.    Defendants' wage payment scheme entailed paying Plaintiff Mustafa for the first 40 hours he worked via paycheck (at his $10.00 per hour rate), and additionally paying Plaintiff cash for all hours worked in excess of 40 (also at his $10.00 per hour rate).

130.    Defendants' payroll week begins on Friday and ends of Thursday of each week.

131.    Plaintiff Mustafa's last week of employment was a partial work-week because Plaintiff's termination was on Wednesday, April 28, 2010.  By this date, Plaintiff had worked a total of 68.5 hours.

17

132.    Although Plaintiff Mustafa was paid via paycheck for the first 40 hours he worked, Defendants refused to compensate him for the 28.5 hours of overtime worked during that week.  He was simply informed by Mr. Sharif Momin, the Chevron store's manager, that Defendant was setting-off that portion of his pay against a shortage of money in the store's register.

133.    By withholding Plaintiff Mustafa's wages earned during the period of April 23, 2010 to April 28, 2010, Defendants have violated Texas Labor Code, Chapter 61, *et seq*, which specifically requires the employer to pay its employees all of their wages earned.

134.    Plaintiff therefore sues for his unpaid wages and all additional damages allowed under the Texas Labor Code, Chapter 61, *et seq*.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

135.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

136.    Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

137.    Thus, from discussion with Defendants, Named Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

138.    Other, similarly situated employees are being denied their lawful wages.

139.    Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of clerks as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

140.    Each Named Plaintiff's experience is typical of the experience of the members of

18

Case 4:10-cv-01777   Document 14-1    Filed in TXSD on 09/09/10   Page 19 of 21

the class as it pertains to compensation.

141. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

142. All clerks, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

143. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

144. All current and former clerks employed by Defendants' convenience and other businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII.
## ATTORNEY FEES

145. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

146. Named Plaintiffs, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## IX.
## JURY DEMAND

147. Named Plaintiffs, and all others similarly situated, make a formal demand for a jury trial in this matter.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ASIF MUSTAFA, SHERNAZ

19

CONWAY, AND BIJENDRA SINGH, and all others similarly situated respectfully request that upon final hearing, the Court grant Named Plaintiffs, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay each Named Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

b. Enjoin Defendants from failing to pay each Named Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period;

c. Order Defendants to pay each Named Plaintiff, and all others similarly situated, the difference between what they should have paid for overtime hours plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages;

d. Order Defendants to pay Plaintiff Mustafa his unpaid wages under the Texas Labor Code, Chapter 61;

e. Order Defendants to pay each Named Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to each Named Plaintiff, and to all other similarly situated employees of Defendants.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed

**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone:   (713) 223-1300
Facsimile:   (713) 255-0013

**ATTORNEY FOR PLAINTIFFS
ASIF MUSTAFA, SHERNAZ CONWAY
AND BIJENDRA SINGH**

## CERTIFICATE OF SERVICE

This is to certify that on September 9, 2010, a true and correct copy of the above was served upon the following counsel of record pursuant to e-filing notification:

Mr. Micky N. Das
TYLER & DAS
2000 Bering Drive, Suite 370
Houston, Texas 77057

*/s/ Salar Ali Ahmed*
**Salar Ali Ahmed**

21

Case 4:10-cv-01777   Document 14-2   Filed in TXSD on 09/09/10   Page 1 of 1

## PLAINTIFF SHERNAZ CONWAY'S CONSENT

**I WANT TO JOIN THIS COLLECTIVE ACTION LAWSUIT TO RECOVER UNPAID OVERTIME THAT I MAY BE OWED.** I, the undersigned, a former employee of the Defendants in this case hereby consent to participate in a collective action against one, some or all of them as the law may allow. I understand that part of the action is to collect unpaid overtime wages that I may be owed.

I designate ALI S. AHMED, P.C. to represent me in this matter.

_____
**Signature**

_____
**Date**

## PLAINTIFF BIJENDRA SINGH'S CONSENT

**I WANT TO JOIN THIS COLLECTIVE ACTION LAWSUIT TO RECOVER UNPAID OVERTIME THAT I MAY BE OWED.** I, the undersigned, a former employee of the Defendants in this case hereby consent to participate in a collective action against one, some or all of them as the law may allow. I understand that part of the action is to collect unpaid overtime wages that I may be owed.

I designate ALI S. AHMED, P.C. to represent me in this matter.

_____          06/29/2010
            Signature                         Date